PD-0042-15

CID # 0718569

Attn: Please Review For Discretionary Review
Trial Cause Number 1179887
Court Of Appeals Number 02-14-00142-CR

Court Of Criminal Appeals
Angeli Sims
Cynthia LittleJohn

RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 20 2015

Abel Acosta, Clerk

Per Division X Postconviction Remedies Chapter 91 FILED IN
Texas Criminal Practice Guide § 91.05 COURT OF CRIMINAL APPEALS

FEB 23 2015

Abel Acosta, Clerk

Trial Error:
• Knowing use of perjured testimony is now considered to be
"trial error."
• A constitutional violation that is "trial error" occurs during
the presentation of evidence and may be "quantitatively assessed
in the context of other evidence" to determine whether the
error was harmless [934 S.W. 2d at 372-73].

The Tarrant County Texas Probation Department's testimony was
based on the document purporting to be a charging instrument
that does not satisfy the constitutional requistes of a charging
instrument. This document was used as evidence during the
trial. The document is The State's Second Petition To Revoke
Probated Sentence. The document contians false information and
a signature that does not belong to Judge Robb Catalano. Making
the document a fraudulent document.
Leticia McWilliams                02-09-2015

Leticia
McWilliams

CID#0718569

Attn: Please Review For Discretionary Review
Trial Cause Number 1174887
Court Of Appeals Number 02-14-00142-CR

Court Of Criminal Appeals
Angeli Sims
Cynthia LittleJohn

Petition To Revoke Probation Hearing Trial Record:
• Page 13 lines 10-13 regarding unpaid fees is false. All unpaid fees past due and present were court ordered to be paid upon my probation reinstatement October 13, 2011.
• Page 15 lines 15-21 regarding my employment is false. I spent weekends in jail due to employment (being employed). My work schedule was always taken into consideration when scheduling probation appointments. Regarding employment and fees per page 36 lines 1-6, 20-25 and page 37 lines 1-6. I was required by probation to maintain proof employment as well as status of employment. Probation was aware of the conflict between my work schedule and community service hours. I could not be forced or placed in a position to violate my probation. So the issue regarding community service when employed was never pressed/raised. Probation was aware I was missing a lot of work due to my illness, doctor appointments and probation requirements. Probation knew this was affecting my employment and income. Probation was very aware my illness caused me to lose my employment and my income. Probation was very aware my physical health conidition prevented me from working and completing my

community service requirements.
- Page 16 line 24 through Page 17 line 7 regarding the SCRAM. Per Queinton Waldon, I was asked to have the SCRAM put in place. Because at this point, they had it on more than once. This is false. I was not asked to have the SCRAM put in place.
- Page 20 line 5 Queinton Waldon confirms probation would not think an in-home device would be installed in a motel-hotel setting.
- Page 20 lines 9-13 Queinton Waldon confirms that probation has never required a probationer to install an in-home device in that type of setting or would reccommend installing the device in that type of setting.
- Per Queinton Waldon on page 15 lines 15-24, probation allege I had never been employed nor supplied proof of my employment and that is a violation of my probation.
- Per Queinton Waldon on pages 15, 18, 22 and 23, probation was aware I was unemployed.
- Per Queinton Waldon on page 23 line 24 through page 24 line 11, probation had record of my employment until I was dismissed.
- Per Queinton Waldon on page 19 lines 1-5, probation did not know or have any idea I would not be able to pay for the device based on my history.
- Per Queinton Waldon on pages 13, 14, 15, 16, 18, 19, 22 and 23, probation was aware I failed to pay fees, I was in arrears and that is a violation of my probation.
- Per Salina Aguirre on page 29 lines 3-9, probation was aware I was ill and had no income.

CID No. 0718569
Cause No. 1174887
COA No. 02-14-00142-CR

Leticia McWilliams

02-09-2015

Attn: Please Review For Discretionary Review
Trial Cause Number 1174887
Court Of Appeals Number 02-14-00142-CR

Court Of Criminal Appeals
Angeli Sims
Cynthia LittleJohn

Please Review Enclosed: (Judge Robb Catalano Signature)
• Signature Page - Filed Date January 19, 2011 Supplement/
Amendment To Conditions Of Community Supervision Mentally
Impaired Offenders
• Signature Page - Filed Date July 22, 2011 Petition To Revoke
Probated Sentence
• Signature Page - Filed Date February 04, 2014 State's
Second Petition To Revoke Probated Sentence
• Signature Page - Signed And Entered On April 10, 2014
Judgment Revoking Community Supervision

CID No. 0718569            Leticia McWilliams

                           02-09-2015

A CERTIFIED COPY
ATTEST: 10-8-14
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY _____
DEPUTY

CID # 0718569

NO. 1174887

| THE STATE OF TEXAS | )( | IN THE CRIMINAL DISTRICT |
|---|---|---|
| VS. | )( | COURT NO. THREE OF |
| MCWILLIAMS, LETICIA | )( | TARRANT COUNTY, TEXAS |

## SUPPLEMENT / AMENDMENT TO CONDITIONS OF COMMUNITY SUPERVISION
## MENTALLY IMPAIRED OFFENDERS

1. Submit to psychiatric and/or psychological evaluation as directed by the court or supervision officer.

2. Attend and participate fully in counseling or classes are directed by the court or the supervision officer.

3. Take all medication as prescribed by the treatment provider.

4. Abstain from the use, possession, or consumption of alcoholic beverage and submit to testing for alcohol use.

_____
Judge

I have received my conditions of community supervision

_____
Witness: Supervision Officer

_____
Defendant

01-12-11
Date

CSC 412 – Mentally Impaired          Rev. 09/05

RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 20 2015

Abel Acosta, Clerk

FILED
THOMAS A WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

JAN 19 2011
TIME 3:30
BY _____ CDC _____ DEPUTY

A CERTIFIED COPY

ATTEST: 10-8-14

THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS

BY: *Cindy Dutra*

5045 DEPUTY

CID #0718569
Cause # 1174887
Leticia McWilliams

COA NO. 02-14-00142-CR

# O R D E R

On this date, the foregoing Petition was presented to the Court in chambers, and the following is hereby ordered:

**X** the District Clerk shall issue an **Alias Capias** for the arrest of the Defendant

_____ the Defendant shall remain on bond, and the District Clerk shall issue a **Precept To Serve** the foregoing Petition on the said Defendant

_____ bond is hereby set at $_____ after *fee arrearage* is brought current.

**X** **Hold- No Bond**

**X** *Fee arrearage to be paid current.*

**The Defendant** shall report to the Community Supervision and Corrections Department, 200 West Belknap, 2nd Floor, Fort Worth, Texas 76196-0255:
    (a) immediately after release or the next working day, and
    (b) report monthly thereafter or as directed until released by the Court.

Signed and Ordered Entered on ____ *July 22* ____, 2011.

ROBB CATALANO, Judge Presiding
Criminal District Court Three
Tarrant County, Texas

A CERTIFIED COPY

ATTEST: 10-3-14

THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS

BY: _Cindy Dutta_
4 of 4    DEPUTY

On this date, the foregoing Petition was presented to the Court in chambers, and the following is hereby ordered:

**X** the District Clerk shall issue an **Alias Capias** for the arrest of the Defendant

_____ the Defendant shall remain on bond, and the District Clerk shall issue a **Precept To Serve** the foregoing Petition on the said Defendant

_____ bond is hereby set at $_____ after *fee arrearage* is brought current.

**X**  **Hold- No Bond**

**X**  *Fee arrearage to be paid current.*

**The Defendant** shall report to the Community Supervision and Corrections Department, 200 West Belknap,2nd Floor, Fort Worth, Texas  76196-0255:
    (a) immediately after release or the next working day, and
    (b) report monthly thereafter or as directed until released by the Court.

Signed and Ordered Entered on _____2/4_____, 2014.

ROBB CATALANO, Judge Presiding
Criminal District Court Three
Tarrant County, Texas



The State filed a motion to revoke Defendant's community supervision. After hearing the State's motion, Defendant's plea, the evidence submitted, and reviewing the record, the Court GRANTS the State's motion. The Court's record indicates that Defendant was previously convicted of a felony offense and punishment was assessed as indicated above. The record indicates the Court ordered imposition of Defendant's sentence of confinement suspended and placed Defendant on community supervision for **10 Years**.

The Court FINDS Defendant has violated the conditions of community supervision as set out in the State's ORIGINAL Motion to Revoke Community Supervision as attached:

PARAGRAPH(S): ONE A,B; TWO, THREE, FOUR - DEFENDANT PLEAD NOT TRUE

PARAGRAPH(S): ONE A,B; TWO, THREE, FOUR - FOUND TRUE BY THE COURT

Accordingly, the Court ORDERS the previous orders in this cause suspending imposition of sentence of confinement and placing Defendant on community supervision REVOKED. **(select one of the following)**

☐ The Court ORDERS Defendant punished in accordance with the judgment and sentence originally entered in this cause.

☒ Finding it to be in the interest of justice, the Court ORDERS Defendant punished in accordance with the reformed judgment and sentence indicated above.

### Punishment Options (select one)

☒ **Confinement in State Jail or Institutional Division.** The Court ORDERS the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the **Director, Institutional Division, TDCJ.** The Court ORDERS Defendant to be confined for the period and in the manner indicated above. The Court ORDERS Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court ORDERS that upon release from confinement, Defendant proceed immediately to the **Tarrant County District Clerk.** Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **County Jail Confinement / Confinement in Lieu of Payment.** The Court ORDERS Defendant immediately committed to the custody of the Sheriff of County, Texas on the date the sentence is to commence. Defendant shall be confined in the County Jail for the period indicated above. The Court ORDERS that upon release from confinement, Defendant shall proceed immediately to the . Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **Fine Only Payment.** The punishment assessed against Defendant is for a FINE ONLY. The Court ORDERS Defendant to proceed immediately to the Office of the County . Once there, the Court ORDERS Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

The Court ORDERS Defendant's sentence EXECUTED.

The Court ORDERS that Defendant is given credit noted above on this sentence for the time spent incarcerated.

The Court further ORDERS Defendant to pay all fines, court costs, and restitution as indicated above.

### Furthermore, the following special findings or orders apply:

DEADLY WEAPON FINDING NOTICE - WAIVED BEFORE PLEA ON JANUARY 19, 2010.

REPARATIONS IN THE AMOUNT OF $1,933.00

**Signed and entered on 4/10/2014**

X _____

JUDGE PRESIDING